UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WADIA PHILLIP,<br><br>        Plaintiff,<br><br>  v.<br><br>ATLANTIC CITY MEDICAL CENTER,<br>et al.,<br><br>        Defendants. | Civil No. 11-2468 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

Wadia Phillip
1932 Cologne Avenue
Unit M-12
Mays Landing, New Jersey 08330
    *Pro Se Plaintiff*

Eric M. Wood, Esquire
Fox Rothschild LLP
Midtown Building
1301 Atlantic Avenue
Suite 400
Atlantic City, New Jersey 08401
    *Attorney for Defendants AtlantiCare Health System, Inc., J.*
    *Merendino, R.N., Ellen C. Angtuaco, R.N., Jean Craig, R.N.,*
    *Barbara Bergman, R.N., and Teri Scheider*

Timothy M. Crammer, Esquire
Crammer, Bishop, Marczyk & O'Brien, PC
508 New Jersey Avenue
Suite B3
Absecon, New Jersey 08201
    *Attorney for Defendant Dr. Jonathan Gewirtz, M.D.*

**HILLMAN, District Judge**

    Presently before the Court are two motions [Doc. Nos. 45, 46] to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject

matter jurisdiction by Defendants AtlantiCare Health System, Inc., J. Merendino, R.N., Ellen C. Angtuaco, R.N., Jean Craig, R.N., Barbara Bergman, R.N., Teri Scheider, and Dr. Jonathan Gewirtz, M.D.  Plaintiff opposes Defendants' motions.  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, the pending motions are granted, and Plaintiff's Second Amended Complaint is dismissed without prejudice.

I. **BACKGROUND**

**A. Pleadings Filed by Plaintiff**

Plaintiff appears in this case pro se, and over the course of this litigation has filed an Original Complaint, an Amended Complaint, and a Second Amended Complaint.  These pleadings reflect Plaintiff's multiple attempts to explain, in essence, that she believed she was pregnant with twins in 1992 and that one of the twins allegedly died at birth as a result of the actions of the medical personnel who treated her during the pregnancy and the delivery.  None of these pleadings alone set forth a clear or comprehensive picture of Plaintiff's claims or the facts of the case.  As a result, the Court must describe each pleading with some detail in order to properly address the pending motions regarding the Court's subject matter

jurisdiction.[1]

As the Court set forth in its March 20, 2012 Opinion [Doc. No. 35], Plaintiff's Original Complaint in this action was received by the Clerk of Court on April 29, 2011, along with her application to proceed in forma pauperis.  (See Compl. [Doc. No. 1], IFP Application [Doc. No. 1-1].)  By Order dated June 2, 2011, the Court granted Plaintiff's application to proceed in forma pauperis and directed the Clerk to file the Original Complaint in this matter.  (Order [Doc. No. 5] 1, June 2, 2011.) After summonses were issued, but prior to the time the Original Complaint was served, Plaintiff filed an Amended Complaint on June 13, 2011.  (See Am. Compl. [Doc. No. 8].)

The Original Complaint consists of the following: (1) the first page of a hand-written complaint for medical malpractice

---

[1] Generally, once an amended complaint is filed, the amended complaint is the operative pleading and it replaces all prior versions of the complaint. Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.") However, because Plaintiff is proceeding pro se in this action, the Court must construe Plaintiff's complaint and any additional submissions liberally. Wallace v. Fegan, No. 11-3572, 2011 WL 6275996, at *1 (3d Cir. Dec. 16, 2011) ("Pleadings and other submissions by pro se litigants are subject to liberal construction[.]) (citing Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011)).
   Plaintiff's Second Amended Complaint states "[t]his Plaintiff incorporates herein all defenses asserted by self or hereinafter filed." (Second Am. Compl. 4.) Given Plaintiff's pro se status, the Court liberally construes the Original Complaint, the Amended Complaint, the Second Amended Complaint together in ruling on the pending motions. See Dukes v. Lancer Ins. Co., No. 08-4948, 2009 WL 3128467, at *1 n.2 (D.N.J. Sept. 24, 2009).

dated May 16, 1994 against Atlantic City Medical Center and Atlantic Women's Care, a complaint which Plaintiff previously filed in the Superior Court of New Jersey Law Division in Atlantic County, docket number ATL-L-001916-94, (see Compl. 1); (2) a four-page typed "Statement of Facts" which, as far as the Court can discern, is taken from a previous submission Plaintiff filed on appeal to the New Jersey Superior Court Appellate Division, (see id. at 2-5); (3) a one-page document consisting of four ultrasound pictures dated March 3, 1992 taken for Plaintiff at Atlantic City Medical Center, which appear to identify the "head" and "body" of a fetus, (see id. at 6); and (4) a medical chart, the nature of which is not specified and the Court remains unable to determine at this time.  (See id. at 7.)

In Plaintiff's June 13, 2011 Amended Complaint, under "Title of Action," Plaintiff entitled her case as one for "wrongful death." (Am. Compl. 1.)  The Amended Complaint named the following Defendants: AtlantiCare Health System, Inc.; Dr. Wayne G. Danclar, M.D., OB/GYN; Dr. Jonathan Gewirtz, M.D.; Dr. Allan R. Wentt, M.D.; Elizabeth Huges, R.N.; Susan Reber; Clara Brown, R.N.; Diane Sutherland, R.N.; J. Merendino, R.N.; Jean Craig, R.N.; Barbara Bergman, R.N.; Tracie M Ferra, R.N.; Ellen C. Angtuaco, R.N.; F. Florio; and Teri Scheider.  (Id.)  Several Defendants moved for dismissal of the Amended Complaint [Doc. Nos. 18, 19, 25] and in an Order dated March 20, 2012 [Doc. No.

36], the Court denied the motion in part, granted the motion in part, and permitted Plaintiff thirty days leave to file a Second Amended Complaint.[2]

By Order dated June 7, 2012, the Court granted Plaintiff one final extension of time and ordered that the Second Amended Complaint be filed by no later than August 6, 2012.  Plaintiff filed the Second Amended Complaint on August 7, 2012, and subsequently filed an addendum on August 20, 2012. (See Second Am. Compl. and Addendum [Doc. Nos. 42, 43].) The Second Amended Complaint, a five-page hand-written letter, includes ten "affirmative defenses," a "demand for statement of damages," a "demand for contribution," a "demand for jury trial and notice," and an attached letter to the Court acknowledging the expiration of the now sixty days leave. (Second Am. Compl. 2-5; Letter to the Court 6-7.)  Plaintiff's addendum to the Second Amended Complaint includes a modified damages demand. (Addendum Second Am. Compl. 2.)

The Court's March 20, 2012 Opinion [Doc. No. 35] detailed the underlying facts and allegations of Plaintiff's case.

---

[2] Finding that the Amended Complaint failed to make sufficient allegations to support either the exercise of federal question jurisdiction or diversity of citizenship jurisdiction, the Court dismissed Plaintiff's Amended Complaint for lack of subject matter jurisdiction. See March 20, 2012 Opinion [Doc. No. 35] 23-24. Additionally, the Court found that it lacked authority to rule on the merits of Defendants' alternative arguments. Id.

5

Accordingly, the Court sets forth herein only those facts relevant to ruling on the present motion.  As stated in the Original Complaint, Plaintiff alleges that in early March of 1992, Plaintiff was "diagnosed" as being pregnant with twins. (Compl. at 1-3.)  Plaintiff contends that she went into pre-term labor on May 15, 1992, and that during the course of her labor, Defendants gave her the drug Demerol.  (Am. Compl. 1).  Plaintiff alleges that after suffering from a "drastic" increase in blood pressure she was told that she was "having only one baby and one fibroid." (Compl. 4.)  Plaintiff alleges the Demerol put the babies in "distress" during labor, causing "Baby B" to die in utero.  (Am. Compl. 1.)  Plaintiff contends that the "doctor murdered 'Baby B' and never told [Plaintiff] what he did with her body."  (Id.)

Plaintiff's Second Amended Complaint sets forth ten "affirmative defenses"[3] but does not contain any factual allegations.[4] (Second Am. Compl. 4.)

---

[3]Ordinarily, an affirmative defense is asserted by a defendant in response to a plaintiff's stated claims.  Here, Plaintiff appears to use the term to rebut defenses she anticipates the defense will raise in their responsive pleadings.

[4]For example, Plaintiff's sixth affirmative defense within her Second Amended Complain states that "Recovery on the claims set forth in the Complaint should not be barred by the contributory wantonness of the injured [P]laintiff."  (Second Am. Compl. 3.)  Plaintiff's ninth affirmative defense states that "The Complaint should not be dismissed at this Court.  Heart rate and [p]ictures don't lie."  (Id.)

**II.   JURISDICTION**

Plaintiff does not allege a specific basis for the jurisdiction of this Court in either the Original, the Amended, or the Second Amended Complaint.  The Court previously noted that no federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.  See March 20, 2012 Opinion [Doc. No. 35] 19-20 (concluding "that Plaintiff's complaint fail[ed] to set forth a sufficient basis for the exercise of federal question jurisdiction").

**IV.   DISCUSSION**

As set forth supra, currently pending before the Court are two motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  The first motion [Doc. No. 45] was filed by Defendant Dr. Jonathan Gewirtz, M.D.  Defendant Gewirtz argues that Plaintiff's Second Amended Complaint fails to set forth any allegations of fact regarding Plaintiff's citizenship or the citizenship of the various defendants. (Def. Gewirtz's Mot. to Dismiss [Doc. No. 45] 35.)  Defendant Gewirtz argues that because the Court has determined that is does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331, and because Plaintiff has failed to allege sufficient facts regarding the citizenship of the parties, the Court cannot assert subject matter jurisdiction on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (Id. at 6-7.)

The second motion [Doc. No. 46] to dismiss filed by Defendants Craig, Merendino, Scheider, Bergman, Angtonor and AtlantiCare Health System, Inc. is virtually identical in form and substance to the motion filed by Defendant Gewirtz, and presents the same arguments in support of dismissal. As these arguments are duplicative of Defendant Gewirtz's arguments, the Court does not set forth the individual arguments of Defendants Craig, Merendino, Scheider, AtlantiCare Health System, Inc., Angtonor, and Bergman in this Opinion.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 191 n.4 (3d Cir. 2011) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." D.G. v. Somerset Hills School Dist., 559

F. Supp. 2d 484, 491 (D.N.J. 2008).  On a facial attack, "the court must consider the allegations of the complaint as true." Mortensen, 549 F.2d at 891.  "A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint."  D.G., 559 F. Supp. 2d at 491.

Upon a factual attack, by contrast, the court need not presume the truth of the allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Mortensen, 549 F.2d at 891.  Moreover, when considering a factual challenge to the Court's jurisdiction under Rule 12(b)(1), the Court is "not confined to the allegations in the complaint ... and can look beyond the pleadings to decide factual matters relating to jurisdiction."  Cestonaro v. U.S., 211 F.3d 749, 752 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891).  The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed.  D.G., 559 F. Supp. 2d at 491.

### IV. **ANALYSIS**

The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction.  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Court previously ruled that there is

no federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. (See March 20, 2012 Opinion [Doc. No. 35] 19-20.)  Plaintiff's Second Amended Complaint does not alter the Court's analysis in that regard because nothing in Plaintiff's Second Amended Complaint, even liberally construed, can be said to allege a federal claim rather than a state law claim.

The Court now turns to the question of whether the Court may properly exercise jurisdiction over Plaintiff's state law claims under diversity of citizenship jurisdiction.  As the Court previously explained, to establish diversity jurisdiction under 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000."  Schneller, 387 F. App'x at 292.  In this regard, a plaintiff relying on diversity of citizenship as the asserted basis for federal jurisdiction "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states."  Gay v. Unipack, Inc., No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (internal citations omitted).  Thus, the Court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity -- i.e., where the plaintiff and any defendant are citizens of the same state.  Schneller, 387 F. App'x at 292 (affirming district court's determination that it

10

lacked diversity jurisdiction where plaintiff and eleven defendants were citizens of the same state).

Moreover, as both the Supreme Court and the Third Circuit have recognized, "[i]t is ... well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977) (citing Thomas v. Bd. of Trs. of Ohio State Univ., 195 U.S. 207, 211 (1904)). Thus, the Court can only "properly determine whether complete diversity of the parties in fact exists and thus whether the Court has jurisdiction to adjudicate the matter[,]" when the plaintiff, even if proceeding pro se, affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants. Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 515 (D.N.J. 2000). Therefore, a court may also properly dismiss a complaint where the plaintiff fails to allege sufficient facts for the court to evaluate whether diversity of citizenship exists. See Poling, 99 F. Supp. 2d at 515-16 (dismissing, in its entirety, action by pro se plaintiffs for lack of subject matter jurisdiction where plaintiffs failed to allege sufficient facts

11

for the court to evaluate the existence of diversity jurisdiction).

Here, Defendants facially challenge the Court's jurisdiction arguing that Plaintiff has made no averments in any of her complaints to show complete diversity of citizenship between the parties. (See Def. Gewirtz's Br. in Supp. of Mot. for to Dismiss [Doc. No. 45] 7; Defs. AtlantiCare Health System, Inc., Craig, Merendino, Scheider, Bergman and Angtuaco's Br. in Supp. of Mot. to Dismiss [Doc. No. 46] 7.) In considering Defendants' facial jurisdictional challenge, this Court "must consider the allegations of the complaint as true." Mortensen, 549 F.2d at 891. Although the Court must construe Plaintiff's pro se complaint liberally[5] and accept Plaintiff's allegations as true on this facial challenge, Plaintiff still bears the burden of asserting jurisdiction and "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states." Gay, 2011 WL 5025116, at *4.

Here, even construing the pleadings liberally, neither the

---

[5]Even though Plaintiff's complaint is held to a less stringent standard than formal pleadings drafted by lawyers, see Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), Plaintiff, as the party "asserting jurisdiction[,] bears the burden of showing that the case is properly before the court at all stages of the litigation." Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).

Original, the Amended or the Second Amended Complaint make any affirmative averments regarding the citizenship of any of the parties. For example, with respect to Plaintiff's citizenship, the Court notes that in all her pleadings, Plaintiff alleges only that her address is in the state of New Jersey. Specifically, Plaintiff's Second Amended Complaint states her mailing address as 1932 Cologne Ave, Unit M-12, Mays Landing, New Jersey, but fails once again to assert her domicile or citizenship as opposed to a residence or mailing address. See McNair v. Synapse Group Inc., 672 F.3d 213, 219. "[F]or purposes of diversity jurisdiction, citizenship [of an individual] means domicile, not residence." Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)). The Court pointed out this same deficiency in the March 20, 2012 Opinion, and despite granting Plaintiff leave to file a Second Amended Complaint to correct this error, Plaintiff has failed to do so. As a result, the Court remains unable to determine at this time whether Plaintiff is a citizen of New Jersey because she simply lists a New Jersey address for herself, but fails to specifically aver whether she merely resides at that New Jersey address or is a New Jersey domiciliary.[6] See McNair

---

[6] The Court again recognizes the likelihood that Plaintiff is in fact a citizen of New Jersey, but at this time, the Original, Amended, and Second Amended Complaints lack sufficient averments to allow the Court to determine Plaintiff's citizenship.

13

v. Synapse Group Inc., 672 F.3d 213, *4 (3d Cir. 2012) (recognizing that averments of a party's "residency" -- as opposed to "citizenship" or "domicile" -- are "jurisdictionally inadequate in [a] diversity of citizenship case.")

Furthermore, the Second Amended Complaint contains no averments as to the citizenship of any of the Defendants, and in no way attempts to correct the deficiencies with Plaintiff's pleadings outlined in the Court's March 20, 2012 Opinion.

As a result of these continued deficiencies, which remain uncorrected by Plaintiff, the Second Amended Complaint is, much like the Original and Amended Complaints, essentially silent as to the citizenship of the parties, and therefore, the Second Amended Complaint is once again subject to dismissal for lack of subject matter jurisdiction. See Gay, 2011 WL 5025116, at *5. Because the existence of complete diversity between the parties is not apparent from any the pleadings to date, the Court cannot exercise jurisdiction over this case under Section 1332. See Burnett v. Lonchar, No. 11-716, 2011 WL 5519720, *3 (D.N.J. Nov. 10, 2011).

In light of the Court's determination that the Second Amended Complaint fails to make sufficient allegations to support the exercise of diversity jurisdiction under Section 1332, the Court must dismiss Plaintiff's Second Amended Complaint without prejudice for lack of subject matter jurisdiction. See Burnett,

14

2011 WL 5519720, at *3-4.  Accordingly, Defendants' motions are granted.

**V. CONCLUSION**

For the foregoing reasons, Defendants' pending motions [Doc. Nos. 45, 46] to dismiss are granted.  An Order consistent with this Opinion will be entered.


Date: March 21, 2013                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.